UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHARLES PATRICK PRATT and**
**A.E.P. through her parents and next friends**
**Bobbi Lynn Petranchuk and Todd Edward**
**Petranchuk,**

                      Plaintiffs,                                      **ANSWER: 7:09-cv-411**
                                                                                       **(GTS/GHL)**

      v.

**INDIAN RIVER CENTRAL SCHOOL**
**DISTRICT; INDIAN RIVER CENTRAL**
**SCHOOL DISTRICT BOARD OF**
**EDUCATION; JAMES KETTRICK,**
**Superintendent of Indian River Central School**
**District, in his official and individual**
**Capacities; TROY DECKER, Principal of**
**Indian River High School, in his official and**
**Individual capacities; and JAY BROWN,**
**JOHN DAVIS, KENDA GRAY, AMABLE**
**TURNER and PATRICIA HENDERSON, in**
**their individual capacities,**

                      Defendants.
_____

       The Defendants, Indian River Central School District, Indian River Central School District Board of Education, James Kettrick, Superintendent of Indian River Central School District, in his official and individual Capacities, Troy Decker, Principal of Indian River High School, in his official and individual capacities, and Jay Brown, John Davis, Kenda Gray, Amable Turner and Patricia Henderson in their individual capacities, (hereinafter, collectively referred to as "the Defendants") by and through their attorneys, the Law Firm of Frank W. Miller, as and for their Answer to the Complaint herein, allege:

      1.      The Defendants admit paragraphs numbered "18," "133."

      2.      Defendants deny paragraphs numbered "1," "2," "3," "4," "5," "6," "7," "8," "9,"

"10," "11," "12," "13," "16," "19," "20," "21," "24," "25," "26," "29," "30," "31," "32," "33," "34," "35," "36," "37," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "73," "74," "75," "76," "78," "79," "80," "81," "82," "83," "87," "88," "89," "90," "91," "92," "93," "94," "95," "96," "97," "98," "99," "100," "101," "102," "103," "106," "108," "109," "110," "112," "113," "114," "115," "116," "117," "118," "120," "121," "122," "123," "124," "125," "127," "128," "129," "130," "132," "134," "135," "136," "137," "138," "139," "140," "141," "142," "143," "144," "145," "146," "147," "148," "149," "150," "151," "153," "155," "156," "157," "158," "159," "160," "161," "162," "163," "164," "165," "166," "167," "168," "169," "171," "172," "173," "174," "175," "176," "178," "179," "180," "181," "182," "183," "184," "185," "186," "187," "188,"  "190."

3. Defendants deny paragraph thereof numbered "14" to the extent that it alleges that the Plaintiffs' rights have been violated in any manner by the Defendants, and to the extent that it alleges that the Complaint contains a viable cause of action, and otherwise incorporate by reference all denials contained in this Answer.

4. Defendants deny paragraph thereof "15", to the extent that it alleges that the Plaintiffs' rights have been violated in any manner by the Defendants, and to the extent that it alleges that the Complaint contains a viable cause of action, and otherwise incorporate by reference all denials contained in this Answer.

5. Defendants deny paragraph thereof "17," to the extent that it alleges that the Plaintiffs' rights have been violated in any manner by the Defendants, and to the extent that it alleges that the Complaint contains a viable cause of action, and otherwise incorporate by reference all denials contained in this Answer.

6. The Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraphs thereof numbered "27," "38," "71," and therefore denies those paragraphs


7. The Defendants admit paragraph numbered "22" to the extent that it alleges that Jay Brown is an Assistant High School Principal employed by the District, and that Brown's responsibilities include matters pertaining to student discipline and supervision.

8. The Defendants admit paragraph numbered "23" to the extent that it alleges that John Davis was an Assistant High School Principal employed by the District, and that his responsibilities included matters pertaining to student discipline and supervision.

9. The Defendants deny paragraph numbered "28" to the extent that it purports to accurately and completely set forth the substance of any referenced document, and the Defendants lack knowledge and information sufficient to determine the referenced Plaintiff's state of mind and or emotional state and therefore deny the allegations pertaining to the same.

10. The Defendants admit paragraph numbered "72" to the extent that it alleges that extracurricular groups are treated in accordance with the Equal Access Act, and that as an incident to recognition as an extracurricular group, groups may be referenced on the District's website, student handbooks, pictured in yearbooks, and allowed limited use of District's facilities and resources.

11. The Defendants deny paragraph numbered "77" to the extent that it alleges that the referenced Plaintiff complied with the prerequisites for club/group recognition.

12. The Defendants deny paragraph numbered "84" to the extent that it purports to accurately and completely set forth the substance of any referenced document, and deny that the District's policies are in any manner unlawful.

13. The Defendants deny paragraph numbered "85" to the extent that it purports to accurately and completely set forth the substance of any referenced document, and deny that the District's policies are in any manner unlawful.


14. The Defendants deny paragraph numbered "86" to the extent that it purports to accurately and completely set forth the substance of any referenced document, and deny that the District's policies are in any manner unlawful.

15. The Defendants deny paragraph numbered "104" to the extent that it alleges that the Plaintiffs were subjected to any discriminatory or unlawful treatment by the Defendants.

16. The Defendants deny paragraph numbered "105" to the extent that it alleges that the Plaintiffs were subjected to any discriminatory or unlawful treatment by the Defendants.

17. The Defendants deny paragraph numbered "107" to the extent that it alleges that the Defendants subjected the Plaintiffs to any unlawful or discriminatory treatment, and deny that the Defendants refused to allow the formation of the referenced club/group, and because the manner in which a potential group may actually function requires speculation, the Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of paragraph, and therefore cannot admit the paragraph.

18. The Defendants deny paragraph numbered "111" to the extent that it purports to state a proper allegation as opposed to a conclusory legal assertion, and the Defendants deny that the Plaintiffs' legal conclusions are accurate and complete.

19. The Defendants deny paragraph numbered "119" to the extent that it purports to state a proper allegation as opposed to a conclusory legal assertion, and the Defendants deny that the Plaintiffs' legal conclusions are accurate and complete.

20. The Defendants deny paragraph numbered "154" to the extent that it alleges that the referenced Plaintiff is entitled to a favorable judgment in this case, and deny that any of the Plaintiffs' rights were violated, and deny that it purports to state a proper allegation as opposed to a conclusory legal assertion, and the Defendants deny that the Plaintiffs' legal conclusions are accurate and complete.

21. The Defendants deny paragraph numbered "170" to the extent that it alleges that the Plaintiffs have any valid or viable claim under the referenced statute, and deny that the referenced statute was violated by the Defendants.

22. The Defendants deny paragraph numbered "177" to the extent that it alleges that the Plaintiffs have any valid or viable claim under the referenced statute, and deny that the referenced statute was violated by the Defendants.

23. The Defendants deny paragraph numbered "189" to the extent that it alleges that the Plaintiffs have any valid or viable claim under the referenced statute, and deny that the referenced statute was violated by the Defendants.

24. The Defendants deny paragraphs numbered "126," "131," and "152" to the extent that they purport to state a proper allegation as opposed to conclusory legal assertions, and the Defendants deny that the Plaintiffs' legal conclusions are accurate and complete.

### AS AND FOR THE DEFENDANTS' FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

25. The Plaintiffs' state law claims are barred by the applicable statute of limitations.

### AS AND FOR THE DEFENDANTS' SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

26. The Plaintiffs' federal claims are barred by the applicable statute of limitations.

### AS AND FOR THE DEFENDANTS' THIRD COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

27. The Plaintiffs state law claims are barred by the Plaintiffs' failure to properly file a timely notice of claim.

**AS AND FOR THE DEFENDANTS' FOURTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

28.     The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR THE DEFENDANTS' FIFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

29.     The Defendants at all times acted in good faith, and in keeping with their duties and responsibilities.

**AS AND FOR THE DEFENDANTS' SIXTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

30.     The claims against the individual defendants must be dismissed pursuant to the qualified immunity doctrine.

**AS AND FOR THE DEFENDANTS' SEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

31.     The claims against the Defendants must be dismissed pursuant to the common law immunity doctrine.

**AS AND FOR THE DEFENDANTS' EIGHTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

32.     The Plaintiffs' claims are barred by the failure of the Plaintiff to exhaust available administrative and contract remedies.

**AS AND FOR THE DEFENDANTS' NINTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

33.     The Plaintiffs have failed to allege or establish an irreparable injury to justify the issuance of injunctive relief.

### AS AND FOR THE DEFENDANTS' TENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

34. Whatever injuries or damages the Plaintiffs may have sustained, those injuries and/or damages were sustained through the culpable conduct, want of care, improper conduct and/or behavior on the part of the Plaintiffs, and not through any fault or want of care on the part of the Defendants.

### AS AND FOR THE DEFENDANTS' ELEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

35. The Complaint fails to state a claim upon which relief can be granted because the Complaint does not properly allege that the Defendants acted pursuant to a municipal policy, custom, or practice in carrying out their alleged actions.

### AS AND FOR THE DEFENDANTS' TWELFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

36. Defendants would have engaged in the same conduct regardless of whether the Plaintiff uttered the allegedly protected speech.

### AS AND FOR THE DEFENDANTS' THIRTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

37. The claims must be dismissed pursuant to the discretionary judgment rule.

### AS AND FOR THE DEFENDANTS' FOURTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

38. Personal jurisdiction over the individual defendants is lacking, hence, the claims against them must be dismissed.

### AS AND FOR THE DEFENDANTS' FIFTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

39. The New York State Human Rights Law does not apply to claims alleging discrimination against students by public school districts, hence, any and all claims based on the New York State Human Rights Law must be dismissed.

### AS AND FOR THE DEFENDANTS' SIXTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

40. The claims against the individual defendants are barred because the Plaintiff failed to properly serve them with the summons and complaint and notice of claim.

### AS AND FOR THE DEFENDANTS' SEVENTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

41. Plaintiff has failed to mitigate his damages.

### AS AND FOR THE DEFENDANTS' EIGHTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

42. The Plaintiffs lack standing to assert claims on behalf of third parties who are not plaintiffs in this action.

### AS AND FOR THE DEFENDANTS' NINETEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

43. The Plaintiffs lack standing to bring claims based on alleged harm to each other.

### AS AND FOR THE DEFENDANTS' TWENTIETH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:

44. The Plaintiffs have assumed the risk of engaging in conduct which caused, contributed, provoked, or encouraged disputes and other improper behavior directed at them, by persons not within the control of the Defendants, and caused or contributed to their own injuries or harm allegedly sustained by them.

**AS AND FOR THE DEFENDANTS' TWENTY-FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

45. The claims in the Complaint must be dismissed because they are moot.

**AS AND FOR THE DEFENDANTS' TWENTY-SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

46. The claims in the Complaint must be dismissed because they do not satisfy the "case and controversy" requirement.

**WHEREFORE**, the Defendants demand an Order dismissing the Complaint herein, upon the merits, and for such other and further relief as to the Court seems just and proper, together with court costs and other relief in favor of the Defendants.

Dated: May 4, 2009
East Syracuse, New York

Respectfully submitted,

The Law Firm of Frank W. Miller

**s/Frank W. Miller, Esq.**
**Bar Roll No.: 102203**
*Attorneys for Defendants
Indian River Central School District, Indian River Central School District Board of Education, James Kettrick, Superintendent of Indian River Central School District, in his official and individual Capacities, Troy Decker, Principal of Indian River High School, in his official and individual capacities, and Jay Brown, John Davis, Kenda Gray, Amable Turner and Patricia Henderson in their individual capacities*
Office and Post Office Address:
6575 Kirkville Road
East Syracuse, New York  13057
Telephone:  315-234-9900

                    Facsimile:  315-234-9908
                    **fmiller@fwmillerlawfirm.com**

**TO:**   **Michael Kavey**, **Esq.**
        Attorneys for Plaintiffs
        Lambda Legal Defense Fund, Inc.
        120 Wall Street, Suite 1500
        New York, NY 10005-3904
        Telephone: 212-809-8585
        Facsimile: 212-809-0055
        mkavey@lamdalegal.org

        **Clerk**
        United States District Court
        Northern District of New York
        Syracuse, New York
        *Via electronic filing*