UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

CHARLES PATRICK PRATT and
A.E.P. through her parents and next friends
Bobbi Lynn Petranchuk and
Todd Edward Petranchuk,

    Plaintiffs,

v.                                                                                          Case No.: 7:09-cv-411 (GTS/GHL)

INDIAN RIVER CENTRAL SCHOOL
DISTRICT; INDIAN RIVER CENTRAL
SCHOOL DISTRICT BOARD OF
EDUCATION; JAMES KETTRICK,
Superintendent of Indian River Central
School District, in his official and individual
capacities; TROY DECKER, Principal of
Indian River High School, in his official
and individual capacities; and JAY BROWN,
JOHN DAVIS, KENDA GRAY, AMABLE
TURNER, PATRICIA HENDERSON, and
BRIAN MOORE, in their individual capacities,

    Defendants.

**UNITED STATES' MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

The United States hereby moves for leave to participate as *amicus curiae* in the above-captioned matter.[1]  If granted leave, the United States will file the Memorandum attached as Exhibit B.  In support of its motion, the United States asserts as follows:

---

[1] The United States' Certificate of Conferral is attached as Exhibit A.

1

1.      Plaintiffs filed their First Amended Complaint on February 19, 2010, after obtaining leave from the Court.  Plaintiff Charles Patrick Pratt[1] alleges that the Indian River Central School District, its Board of Education, Superintendent, agents, and employees (collectively, "Defendants") discriminated against him on the basis of sex in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX"), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983.[2]   (First Am. Compl. ¶¶ 168-178.)

2.      On March 5, 2010, Defendants filed their Answer to the First Amended Complaint.  On June 11, 2010, Defendants filed a Motion to Dismiss/Motion for Summary Judgment and Memorandum of Law in Support.  Plaintiffs responded on June 28, 2010, with an Opposition and Memorandum of Law ("Plaintiffs' Memorandum").  On July 13, 2010, Defendants submitted their Reply and Memorandum of Law in Support ("Defendants' Reply Memorandum").

3.      The Defendants argue, *inter alia*, that Pratt failed to state a claim under Title IX or the Equal Protection Clause.  (Defs.' Mem. at 12-22; Defs.' Reply Mem. at 14-17.)  The United States respectfully requests to participate as *amicus curiae* to address three legal arguments posited by Defendants that are not supported by the law.

---

[1] Pratt's sister A.E.P., through her parents and next friends Bobbi Lynn Petranchuk and Todd Edward Petranchuk, is also a party to this suit.  Pratt is the only plaintiff named in the Title IX and Equal Protection Clause claims implicated by the United States' participation as *amicus curiae*.

[2] The Plaintiffs assert other claims, however, the United States' *amicus* brief is limited to Plaintiff Charles Patrick Pratt's Title IX and Equal Protection Clause claims.

2

4.     The United States plays a central role in the enforcement of Title IX.  Under Title IX and its implementing regulations no individual may be discriminated against on the basis of sex in any educational program or activity receiving Federal financial assistance. 20 U.S.C. §§ 1681 et seq.; 34 C.F.R. §§ 106.1, 106.31(a)(b).  The U.S. Department of Education is charged with promulgating regulations implementing Title IX and ensuring that recipients of federal funds comply with the statute and regulations. 20 U.S.C. § 1682.  The U.S. Department of Justice, through its Civil Rights Division, coordinates the implementation and enforcement of Title IX by the U.S. Department of Education and other executive agencies. Exec. Order No. 12,250, 45 Fed. Reg. 72,995 (1980); 28 C.F.R. § 0.51 (1998).

5.     The United States Department of Justice also has significant responsibilities for the enforcement of the Civil Rights Act of 1964, which prohibits Equal Protection violations on the basis of sex, Title IV, 42 U.S.C. § 2000c-6, and the Attorney General may intervene in any lawsuit in federal court seeking relief from a denial of equal protection under the Fourteenth Amendment.  42 U.S.C. § 2000h-2.

6.     The United States has intervened or participated as *amicus curiae* in numerous lawsuits involving claims of harassment based on sex under Title IX and the Equal Protection Clause.  See, e.g., Lopez v. Metro Gov't of Nashville & Davidson County, 3:07-CV-00799, Order Granting Intervention (M.D. Tenn. Nov. 4, 2008) (attached to *amicus* Memorandum as Ex. A); A.B. v. Rhinebeck Central Sch. Dist., No. 03-CV-3241 (S.D.N.Y. Aug. 25, 2004) (attached to *amicus* Memorandum as Ex. B); Lovins v. Pleasant Hill Pub. Sch. Dist., No. 99-0550-CV (W.D. Mo. July 31, 2000) (attached to *amicus* Memorandum as Ex. C); Putnam v. Bd. of Ed. of Somerset Indep. Schs., No. 00-145 (E.D. Ky. July 28, 2000) (attached to *amicus* Memorandum Ex. D).

7. The Defendants raise questions regarding the proper interpretation and application of Title IX and the Equal Protection Clause to harassment based on sex in primary and secondary schools. The United States has a strong interest in ensuring that these two federal laws are interpreted and applied correctly given its responsibility for enforcing them.

8. District courts have the discretion to allow nonparties to participate as *amicus curiae*. In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); Yip v. Pagano, 606 F. Supp. 1566, 1568 (D.N.J. 1985) (district courts have the discretion to allow nonparties to participate as *amicus curiae* and should consider the timeliness and usefulness of the information proffered); United States v. Davis, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) ("Generally, courts have exercised great liberality in permitting an *amicus curiae* to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence."); Strougo v. Scudder, No. 96 CIV 2136, 1997 WL 473566, at *3 (S.D.N.Y. Aug. 18, 1997) (attached at Ex. C) (district courts "have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court"). The United States' *amicus* Memorandum provides information that would be useful to the Court in its deliberations over issues raised by Defendants and Plaintiffs. Courts have deemed *amicus* participation useful when the party has a special interest in the issues raised in the litigation[2] or expertise in the relevant area of law.[3] As stated above, the

---

[2] See Ellsworth Assocs., Inc. v. United States, 917 F. Supp. 841, 846 (D.D.C. 1996) ("Because the Court finds that the non-party movants have a special interest in this litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of this case, the Court grants the non-party movants' Motions to participate as *amicus curiae*."); Martinez v. Capital Cities/ABC-WPVI, 909 F. Supp. 283, 286 (E.D. Pa. 1995) (soliciting EEOC's *amicus*

4

United States has both a special interest and expertise concerning Title IX and the Equal Protection Clause. Moreover, the United States' Motion does not prejudice the parties because the United States simply requests an opportunity to address the correct legal standards governing claims for harassment based on sex under Title IX and the Equal Protection Clause. Finally, the United States' Motion is timely because it was filed shortly after the Defendants' Reply (filed July 13, 2010 after receiving an extension from the Court) and before the Court's ruling on Defendants' Motion to Dismiss/Motion for Summary Judgment.

---

participation to explain significance of letter it sent to plaintiff in employment discrimination case).

[3] See Yip, 606 F. Supp. at 1568 (the Leadership Group of the United States House of Representatives Committee on the Judiciary was allowed to participate as *amicus curiae* because its expertise allowed it to present "a helpful analysis of the law of legislative immunities and of the functions and procedures of Congressional committees"; Strougo, 1997 WL 473566, at *3 (Investment Company Industry was allowed to participate as *amicus curiae* because its expertise in the investment industry allowed it to present policy arguments that illuminated the legal issues); Pa. Envtl. Def. Found. v. Bellefonte Borough, 718 F. Supp. at 431, 434-35 (M.D. Pa. 1989) (permitting United States' *amicus* participation based on its "primary responsibility for insuring that the Clean Water Act is properly enforced").

5

Wherefore, the United States respectfully requests that the Court grant leave to participate in this litigation as *amicus curiae*.

Dated: August 13, 2010                                Respectfully submitted,

RICHARD S. HARTUNIAN                                  THOMAS E. PEREZ
United States Attorney                                Assistant Attorney General
Northern District of New York                         Civil Rights Division


     /s/ William H. Pease
_____
WILLIAM H. PEASE (Bar Roll No. 102338)                AMY I. BERMAN
Assistant United States Attorney                      EMILY H. McCARTHY
                                                      KRISHNA K. JUVVADI
                                                      CHRISTOPHER S. AWAD
                                                      Educational Opportunities Section
                                                      Civil Rights Division
                                                      U.S. Department of Justice
                                                      950 Pennsylvania Ave., NW
                                                      Patrick Henry Building, Suite 4300
                                                      Washington, D.C. 20530
                                                      Tel:  (202) 305-3186
                                                      Fax: (202) 514-8337

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2010, I served copies of the foregoing pleading to counsel of record via the United States District Court for the Northern District of New York's electronic filing system:

Frank W. Miller
The Law Firm of Frank W. Miller
6575 Kirkville Road
East Syracuse, New York 13057
Facsimile: (315) 234-9908
E-mail: fmiller@fwmillerlawfirm.com

Thomas W. Ude, Jr.
Hayley Gorenberg
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, Suite 1500
New York, NY 10005-3904
Facsimile: (212) 809-0055
E-mail: tude@lambdalegal.org

Vickie Reznik
Adam T. Humann
Maura M. Klugman
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
Facsimile: (212) 446-4900
E-mail: vickie.reznik@kirkland.com

/s/ William H. Pease
_____
William H. Pease (Bar Roll No. 102338)
Assistant United States Attorney