UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHARLES PATRICK PRATT and**
**A.E.P. through her parents and next friends**
**Bobbi Lynn Petranchuk and Todd Edward**
**Petranchuk,**

                    Plaintiffs,                   **FIRST AMENDED**
                                                         **ANSWER TO FIRST**
                                                         **AMENDED COMPLAINT**
                                                         7:09-cv-411
                                                         (GTS/GHL)

    v.

**INDIAN RIVER CENTRAL SCHOOL**
**DISTRICT; INDIAN RIVER CENTRAL**
**SCHOOL DISTRICT BOARD OF**
**EDUCATION; JAMES KETTRICK,**
**Superintendent of Indian River Central School**
**District, in his official and individual**
**capacities; TROY DECKER, Principal of**
**Indian River High School, in his official and**
**individual capacities; and JAY BROWN,**
**JOHN DAVIS, KENDRA GRAY, AMABLE**
**TURNER, PATRICIA HENDERSON, and**
**BRIAN MOORE, in their individual capacities,**

                    Defendants.

_____

      The Defendants, Indian River Central School District, Indian River Central School District Board of Education, James Kettrick, Superintendent of Indian River Central School District, in his official and individual Capacities, Troy Decker, Principal of Indian River High School, in his official and individual capacities, and Jay Brown, John Davis, Kendra Gray, Amable Turner, Patricia Henderson, and Brian Moore, in their individual capacities, (hereinafter, collectively referred to as "the Defendants") by and through their attorneys, the Law Firm of Frank W. Miller, as and for their Answer to the First Amended Complaint, allege:

1. The Defendants deny each and every allegation contained in paragraphs thereof numbered "1," "2," "3," "4," "5," "6," "7," "8," "9," "10," "11," "12," "16," "17," "18," "24," "25," "32," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61," "62," "63," "64," "65," "66," "67," "68," "69," "70," "71," "72," "73," "74," "75," "76," "77," "78," "79," "80," "81," "82," "83," "84," "85," "86," "87," "88," "89," "91," "92," "93," "94," "95," "97," "98," "99," "100," "104," "105," "106," "107," "108," "109," "110," "111," "112," "113," "114," "115," "117," "118," "119," "121," "122," "123," "124," "125," "126," "127," "128," "129," "131," "132," "133," "134," and "135", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

2. The Defendants deny so much of paragraph thereof numbered "13", as alleges that any action taken by the Plaintiffs in the form of a lawsuit or threats of litigation, caused or produced a change in the Defendants' position with respect to the Gay/Straight Alliance, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

3. The Defendants deny so much of paragraph thereof numbered "15", as alleges that the Defendants are required to provide the "requested confirmation" as alleged therein, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

4. The Defendants deny so much of paragraph thereof numbered "19", as alleges that any actionable events described in the complaint actually occurred or took place within the Northern District of New York, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

5. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs thereof numbered "20" and "21", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

6. The Defendants deny so much of paragraph thereof numbered "22", as alleges that Indian River Central School District is not an Education Corporation and association existing pursuant to the New York Education Law, and deny so much of paragraph thereof numbered "22" as alleges that Indian River Central School District is Nonsectarian and exempt from taxation pursuant to § 408 of New York's real property tax law.

7. The Defendants deny so much of paragraph thereof numbered "23", as alleges that the Board of Education is, by itself, a separate education corporation. The Defendants affirmatively assert that the Board of Education is the governing body of the Indian River Central School District. It is not a separate legal entity and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

8. The Defendants deny so much of paragraphs thereof numbered "26", "27", "28", "29", "30", and "31", as alleges in those paragraphs that there were, in fact, any acts of discrimination, harassment, or any other claimed violations of the rights of the Plaintiffs, which the Defendants failed or neglected to correct, stop, or remedy, as alleged therein, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

9. The Defendants deny so much of paragraph thereof numbered "90", as alleges that the items referred to therein are "rights" of any group in the School District, as the Defendants reserve the right to regulate student conduct and access to any facilities, equipment, etc, and to

the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

10. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thereof numbered "96", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

11. The Defendants deny so much of paragraph thereof numbered "101", as alleges that there was any deprivation of A.E.P.'s rights to form a "gay/straight" alliance, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

12. The Defendants deny so much of paragraph thereof numbered "102", as alleges that the press release was solely in response to the lawsuit and further, deny the characterization by the Plaintiffs as to the content of the press release, which should speak for itself, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

13. The Defendants deny so much of paragraph thereof numbered "103", as it does not correctly describe the content of the correspondence from Defendants' counsel, dated April 13, 2009, and further deny that the gay/straight alliance was established or permitted to meet as a result of or as a direct product of any litigation or threatened litigation by the Plaintiffs, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

14. The Defendants deny so much of paragraph thereof numbered "116", as alleges that there was any requirement for any statement, publication, or other document from the

School District to contain reference to "sexual orientation" at the time, as alleged therein and further, deny so much of said paragraph thereof, as alleges that the Defendants committed any violation of the rights of any Plaintiff, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

15. The Defendants deny so much of paragraph thereof numbered "120", as alleges that the Defendants committed any violation of the rights of the Plaintiffs, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

16. The Defendants deny so much of paragraph thereof numbered "130", as alleges that the Defendants' policies, procedures, and practices to remedy harassment or discrimination of the School District in any way violated, compromised, ignored, or were indifferent to the rights of the Plaintiffs, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

17. The Defendants deny so much of paragraph thereof numbered "136", as alleges that any action taken by the Plaintiffs caused or produced the establishment of the Gay/Straight Alliance in this matter, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

**AS AND FOR THE DEFENDANTS' ANSWER TO THE FIRST CLAIM FOR RELIEF, IT IS ALLEGED:**

18. The Defendants deny each and every allegation contained in paragraphs thereof numbered "137", "138", "142", "143", and "144", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

19. The Defendants deny so much of paragraph thereof numbered "141", as alleges that the Defendants, in any manner, violated the rights of the Plaintiffs or denied the Plaintiffs an

opportunity to conduct group activities that were lawfully approved by the School District, in accordance with the policies and regulations of the District, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE SECOND CLAIM FOR RELIEF, IT IS ALLEGED:

20. The Defendants deny each and every allegation contained in paragraphs thereof numbered "145", "146", "150", "151", and "152", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

21. The Defendants deny so much of paragraph thereof numbered "149", as alleges that the Defendants, in any manner, discriminated against any student, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE THIRD CLAIM FOR RELIEF, IT IS ALLEGED:

22. The Defendants deny each and every allegation contained in paragraphs thereof numbered "153", "154", "155", "156", and "157", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE FOURTH CLAIM FOR RELIEF, IT IS ALLEGED:

23. The Defendants deny each and every allegation contained in paragraphs thereof numbered "158" "159", "160", "161", "162", and "163", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE FIFTH CLAIM FOR RELIEF, IT IS ALLEGED:

24. The Defendants deny each and every allegation contained in paragraphs thereof numbered "164", "165", "166", and "167", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE SIXTH CLAIM FOR RELIEF, IT IS ALLEGED:

25. The Defendants deny each and every allegation contained in paragraphs thereof numbered "168", "169", "170", and "171", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE SEVENTH CLAIM FOR RELIEF, IT IS ALLEGED:

26. The Defendants deny each and every allegation contained in paragraphs thereof numbered "172", "174", "175", "176", "177", and "178", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE EIGHTH CLAIM FOR RELIEF, IT IS ALLEGED:

27. The Defendants deny each and every allegation contained in paragraphs thereof numbered "179", "180", "181", "182", "183", and "184", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE NINTH CLAIM FOR RELIEF, IT IS ALLEGED:

28. The Defendants deny each and every allegation contained in paragraphs thereof numbered "185", "186", "187", "188", and "189", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE TENTH CLAIM FOR RELIEF, IT IS ALLEGED:

29. The Defendants deny each and every allegation contained in paragraphs thereof numbered "190", "191", "192", "193", and "194", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE ELEVENTH CLAIM FOR RELIEF, IT IS ALLEGED:

30. The Defendants deny each and every allegation contained in paragraphs thereof numbered "195", "196", "197", "198", "199", "200", and "201", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE TWELFTH CLAIM FOR RELIEF, IT IS ALLEGED:

31. The Defendants deny each and every allegation contained in paragraphs thereof numbered "202", "203", "204", "205", "206", "207", and "208", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE THIRTEENTH CLAIM FOR RELIEF, IT IS ALLEGED:

32. The Defendants deny each and every allegation contained in paragraphs thereof numbered "209", "210", "211", "212", and "213", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE FOURTEENTH CLAIM FOR RELIEF, IT IS ALLEGED:

33. The Defendants deny each and every allegation contained in paragraphs thereof numbered "214", "215", "216", "217", "218", and "219", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

**AS AND FOR THE DEFENDANTS' FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

34. The state law claims of the Plaintiffs are barred by the failure to file a timely and proper Notice of Claim.

**AS AND FOR THE DEFENDANTS' SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

35. The claims of the Plaintiffs are barred by the failure of the Plaintiffs to file the necessary precondition to suit.

**AS AND FOR THE DEFENDANTS' THIRD COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

36. The claims of the Plaintiffs are barred by the applicable statute of limitations.

**AS AND FOR THE DEFENDANTS' FOURTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

37. Whatever injuries or damages the Plaintiffs may have sustained, those injuries and/or damages were caused, in whole or in part, by the culpable conduct, fault, and/or want of care on the part of the Plaintiffs, and not through any negligence, fault, violation of civil rights, or wrongful conduct on the part of the Defendants.

**AS AND FOR THE DEFENDANTS' FIFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

38. The Complaint fails to state a claim upon which relief can be granted as to the Defendants, the Indian River Central School District, the Board of Education thereof, and/or any of the individual Defendants named therein.

**AS AND FOR THE DEFENDANTS' SIXTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

39.     The Plaintiffs lack standing to assert claimed violations as to other persons identified in the complaint.

**AS AND FOR THE DEFENDANTS' SEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

40.     The Court is without jurisdiction over the subject matter of the New York State Human Rights Law claims asserted by the Plaintiffs against the Defendants.

**AS AND FOR THE DEFENDANTS' EIGHTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

41.     The individual Defendants are shielded by the defense of qualified good faith immunity from suit.

**AS AND FOR THE DEFENDANTS' NINTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

42.     The complaint fails to state a cause of action as against the individual Defendants.

**AS AND FOR THE DEFENDANTS' TENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

43.     The punitive damage claims asserted against the Defendants are without merit and must be dismissed.

**AS AND FOR THE DEFENDANTS' ELEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

44.     The equal access claims asserted under the First Amendment are moot.

**AS AND FOR THE DEFENDANTS' TWELFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

45.     The Defendants are shielded from suit in this matter by the doctrine of common law immunity.

**AS AND FOR THE DEFENDANTS' THIRTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

46.     The amended complaint filed by the Plaintiffs violates the provisions of F.R.C.P. Rule 8.

**AS AND FOR THE DEFENDANTS' FOURTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

47.     The amended complaint contains allegations of purported fact that reference events which are inadmissible, prejudicial, and improper, and must be stricken.

**AS AND FOR THE DEFENDANTS' FIFTEENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, IT IS ALLEGED:**

48.     The commencement of the action against Defendant Moore is outside the statute of limitations and the claims against Defendant Moore are barred by the applicable statute of limitations.

**WHEREFORE**, the Defendants demand that the complaint as to them be dismissed, upon the merits, and with prejudice, together with such other and further relief as to the Court seems just and proper.

Dated:  August 19, 2010                                         Respectfully submitted,
            East Syracuse, New York

                                                                                **The Law Firm of Frank W. Miller**

                                                                                **s/Frank W. Miller, Esq.**
                                                                                **Bar Roll No.:  102203**

*Attorneys for Defendants
Indian River Central School District,
Indian River Central School District
Board of Education, James Kettrick,
Superintendent of Indian River
Central School District, in his
official and individual Capacities,
Troy Decker, Principal of Indian
River High School, in his official and
individual capacities, and Jay
Brown, John Davis, Kendra Gray,
Amable Turner, Patricia Henderson,
and Brian Moore,  in their individual
capacities*
Office and Post Office Address:
6575 Kirkville Road
East Syracuse, New York  13057
Telephone:  315-234-9900
Facsimile:  315-234-9908
**fmiller@fwmillerlawfirm.com**

TO: Michael Kavey, Esq.
Attorneys for the Plaintiffs
Lambda Legal Defense Fund, Inc.
120 Wall Street, Suite 1500
New York, NY 10005-3904
**mkavey@lamdalegal.org**
*Via electronic filing*

Hayley J. Gorenberg, Esq.
Attorneys for the Plaintiffs
Lambda Legal Defense and Education Fund
120 Wall Street, Suite 1500
New York, NY  10005
hgorenberg@lambdalegal.org
*Via electronic filing*

Thomas W. Ude, Jr., Esq.
Attorneys for the Plaintiffs
Lambda Legal Defense and Education Fund
120 Wall Street, Suite 1500
New York, NY  10005
tude@lambdalegal.org
*Via electronic filing*

Adam T. Humann, Esq.
Attorneys for the Plaintiffs
Kirkland & Ellis, LLP
153 East 53rd Street
New York, NY  10022-4611
adam.humann@kirkland.com
*Via electronic filing*

Maura M. Klugman, Esq.
Attorneys for the Plaintiffs
Kirkland & Ellis, LLP
153 East 53rd Street
New York, NY  10022-4611
maura.klugman@kirkland.com
*Via electronic filing*

Vickie Reznik, Esq.
Attorneys for the Plaintiffs
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY  10022
vickie.reznik@kirkland.com
*Via electronic filing*

Clerk
United States District Court
Northern District of New York
Syracuse, New York
*Via electronic filing*