UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CHARLES PATRICK PRATT and
A.E.P. through her parents and next friends
Bobbi Lynn Petranchuk and Todd Edward
Petranchuk,**

Plaintiffs,

**SUPPLEMENTAL AFFIDAVIT
OF CHARLES C. SPAGNOLI
SUPPORTING DEFENDANT'S
MOTION IN LIMINE AND FOR
PROTECTIVE ORDER**
Case No.: 7:09-cv-411 (GTS/TWD)

v.

**INDIAN RIVER CENTRAL SCHOOL
DISTRICT; INDIAN RIVER CENTRAL
SCHOOL DISTRICT BOARD OF
EDUCATION; JAMES KETTRICK,**
Superintendent of Indian River Central School
District, in his official and individual
Capacities; **TROY DECKER,** Principal of
Indian River High School, in his official and
Individual capacities; and **JAY BROWN,
JOHN DAVIS, KENDA GRAY, AMABLE
TURNER, PATRICIA HENDERSON, and
BRIAN MOORE in their individual capacities,**

Defendants.

---

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ONONDAGA )

CHARLES C. SPAGNOLI, being duly sworn, deposes and says:

1.      I am an attorney duly licensed to practice law in the State of New York and

admitted to practice before this Court.  I represent the Defendants in the above-captioned

1

litigation. I make this supplemental affidavit in support of a pending motion by Defendant Indian River Central School District ("District") for a protective order and related relief.

2.     I make this affidavit of my own personal knowledge, except where matters are stated upon information and belief, and am fully competent to testify as to all matters herein with that qualification.

3.     The Court has denied such portion of the District's original motion as sought an order in limine, without prejudice. Reference to the District's motion as one in limine and for protective order in the title of this and accompanying documents – rather than simply as one for a protective order – is continued only to avoid confusion as to which motion these materials supplement. The District reserves the right expressly recognized in the Court's order to renew its motion for in limine relief at a later time.

4.     The District was required to submit its motion by April 24, 2012, and did so. However, developments since April 24, 2012 – particularly Plaintiffs' service of a purported Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure – necessitate the submission of supplementary material and requests for further relief at this time.


**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION**

5.     The parties, by their counsel, tentatively agreed to schedule a deposition of Defendants' representatives under Rule 30(b)(6) of the Federal Rules of Civil Procedure for May 23, 2012, and jointly submitted a deposition schedule to the Court reflecting such deposition.

6.     On May 14, 2012, Plaintiffs served a purported Notice of Deposition relative to the Rule 30(b)(6) deposition. The Notice of Deposition included, in its "Schedule A," nineteen numbered paragraphs of "Topics" upon which the representatives to be designated by

Defendants were expected to testify. A copy of the May 14, 2012 Notice of Deposition is
attached as Exhibit H (continuing exhibit designations in sequence from the original Affidavit of
Charles C. Spagnoli Supporting Defendant's Motion in Limine and For Protective Order).

7.      The May 14, 2012 Notice of Deposition was the first information Defendants
received concerning the subject-matter that would be included in Plaintiffs' notice of deposition
pursuant to Rule 30(b)(6).

8.      Among other things, the Notice of Deposition required Defendants to produce a
witness who could speak to every discovery response Defendants provided in the litigation. See
Exhibit H.

9.      Defendants supplied responses to Plaintiffs' two sets of written interrogatories
and one set of production requests in July, 2011. Defendants provided full supplemental and
revised responses to Plaintiffs' discovery demands in November, 2011. Defendants provided
further supplemental and revised responses to Plaintiffs' discovery demands in January, 2012.
Finally, at the direction of the Court, Defendants provided a supplemental and revised response
to one of Plaintiffs' interrogatories (as modified by the Court's order) in February, 2012.

10.     Defendants' final full set of supplemental and revised discovery responses (i.e.,
the January, 2012 set) comprised seventy-one (71) pages and were accompanied by eighty-six
(86) electronic files of documents comprising over 400 megabytes of information – that is, many
thousands of pages. Since such time additional files have been produced raising the total number
over ninety (90).

11.     Plaintiffs' Interrogatories to Institutional Defendants, Interrogatory No. 3,
demanded identification of every "formal or informal complaint or report of harassment or
bullying made by or on behalf of any student in the District" for the period September 1, 1990 to

3

the present – a period of over twenty-one years.  In response, Defendants provided hundreds of

disciplinary notices, as well as detailed supplementary information in text form (taken from

individuals' notes and recollections) spanning sixteen single-spaced pages.  The information and

documents covered incidents occurring at five primary schools, one intermediate school, one

middle school, and one high school, as well as on school buses.

## PLAINTIFFS' CONTINUED EFFORTS TO SEEK DISCOVERY CONCERNING DOCUMENT PRESERVATION AND LITIGATION HOLDS

12.    Defendants provided the aforementioned discovery responses while the Hon.

George H. Lowe was still the magistrate judge assigned to this litigation.  Plaintiffs repeatedly

suggested in correspondence and discussions that Defendants must have been negligent in

preserving and/or producing documents, particularly electronic documents.  Several exchanges

of information and arguments between the parties failed to resolve the issue, and by letter dated

December 14, 2011, Defendants informally requested the assistance of the Court at a status

conference to bring the parties to a resolution.  A copy of the December 14, 2011 letter is

attached as Exhibit I.

13.    In a responsive letter to the Court dated December 14, 2011, Plaintiffs expressly

stated that they were not seeking relief limited to the Matthew e-mail issue, but requested that the

Court order discovery as to the full measure of Defendants' document preservation efforts.  A

copy of the December 14, 2011 letter is attached as Exhibit J.

14.    During the status conference held December 15, 2011, Plaintiffs' counsel argued

that various circumstances suggested Defendants had been derelict in their duty to preserve

documents and information, citing in particular the low number of e-mails that were produced

and certain issues relating to an e-mail referred to as the "Matthew e-mail."  The undersigned

4

explained, as he had explained before, the legitimate reasons why there were a relatively low number of e-mails to produce, and pointed out that the Matthew e-mail had actually been produced and was not evidence of any spoliation.

15.    During the conference Plaintiffs' counsel requested leave to conduct discovery concerning Defendants' document preservation efforts and their litigation holds. Defendants opposed this request.

16.    Judge Lowe elected to have the parties submit written arguments on the issues rather than try to mediate a solution in the status conference.

17.    On December 20, 2011, Plaintiffs submitted a letter brief to the Court presenting their position. They requested relief that was not limited to the Matthew e-mail, and was instead quite broad, stating in the first paragraph of their letter brief that they sought "(1) the production of any relevant litigation hold memoranda issued by Defendants in connection with this litigation, (2) the distribution list(s) for such memoranda, and (3) an explanation of what other actions, if any, were taken to fulfill Defendants' duty to preserve documents in this litigation." The letter brief was designated Docket Number 97 upon its filing with the Court. A copy of Plaintiffs' December 20, 2011 letter brief is attached as Exhibit K.

18.    On December 27, 2011, Defendants submitted a letter brief to the Court presenting their contrary position. A copy of Defendants' December 27, 2011 letter brief is attached as Exhibit L.

19.    By electronic text order dated January 3, 2012, Judge Lowe denied Plaintiffs' requests. Reflecting the fact that Plaintiffs had sought relief extending well beyond the limited issue of the Matthew e-mail, Judge Lowe noted that the parties had agreed the only issue to be resolved by the Court was that of the Matthew e-mail. However, he nevertheless expressly

addressed Plaintiffs' requests in their December 20, 2011 letter, stating unequivocally that Plaintiffs had not made a showing of spoliation and "Plaintiffs' request (Dkt. No. 97, at 1, first paragraph) is denied." He did not say that the request to investigate Defendants' document preservation efforts and litigation holds was denied only to the extent they pertained to the Matthew e-mail, if such a limitation were even practically possible or meaningful. A copy of the Court's January 3, 2012 order is attached as Exhibit M.

20.     Notwithstanding the Court's rejected of Plaintiffs' request, Plaintiffs have sought in two depositions to date – those of Jay Brown and Kenda Gray – to inquire regarding Defendants' document preservation efforts. Defendants have objected to such inquiries but Plaintiffs have maintained their position that such inquiries are appropriate notwithstanding the fact that this issue was joined before the Court; the Court determined there was no sufficient basis to permit such inquiries; and the Court affirmatively rejected Plaintiffs' request for leave to conduct such inquiries.

21.     Now, in the May 14, 2012 Notice of Deposition, Plaintiffs have expressly listed (in two of the nineteen numbered "Topics" paragraphs) the Defendants' document preservation efforts and arrangements as subject-matter upon which they demand Defendants produce a witness or witnesses to testify pursuant to Rule 30(b)(6).

**SUMMARY OF EFFORTS TO RESOLVE ISSUES**

22.     As indicated above and/or in the District's original motion papers, the issues relating to the breadth of Plaintiffs' discovery demands respecting incidents of discrimination and harassment have been previously discussed between counsel both orally and in writing. The issues relating to Plaintiffs' efforts to engage in discovery concerning Defendants' document

6

preservation efforts have been addressed extensively between counsel, both orally and in writing; have been submitted previously to the Court, both orally and through written submissions; have been addressed and resolved by the Court's January 3, 2012 order; and have been the subject of objections and discussions between counsel for the parties during at least two depositions (those of Jay Brown and Kenda Gray on March 22, 2012 and May 11, 2012, respectively).

23.     On May 16, 2012, the undersigned further sent a letter by e-mail to Plaintiffs' counsel raising various issues concerning the Notice of Deposition, including the issues relating to the breadth of the discovery demands respecting incidents of discrimination and harassment, and Defendants' position that Plaintiffs could not disregard Judge Lowe's January 3, 2012 order. A copy of the Defendants' May 16, 2012 letter is attached as Exhibit N.

24.     By responsive letter dated May 17, 2012, Plaintiffs' counsel extended Defendants the courtesy of an offer to defer the May 23 deposition to allow Defendants to prepare witnesses for such deposition, but rejected Defendants' positions regarding the substantive issues raised by the Notice to Produce. A copy of the Plaintiffs' May 17, 2012 letter is attached as Exhibit O.

CHARLES C. SPAGNOLI

Sworn to before me this 17th
day of May, 2012.

Notary public

PATRICIA GUERIN
Notary Public, State of New York
Qual. in Onondaga Co. No. 01GU6065911
Commission Expires October 29, 20 13

7