UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES PATRICK PRATT and A.E.P. through her parents and next friends Bobbi Lynn Petranchuk and Todd Edward Petranchuk,<br><br>     Plaintiffs,<br><br> - vs. -<br><br>INDIAN RIVER CENTRAL SCHOOL DISTRICT; INDIAN RIVER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION; JAMES KETTRICK, Superintendent of Indian River Central School District, in his official and individual capacities; TROY DECKER, Principal of Indian River High School, in his official and individual capacities; and JAY BROWN, JOHN DAVIS, KENDA GRAY, AMABLE TURNER, PATRICIA HENDERSON, and BRIAN MOORE, in their individual capacities,<br><br>     Defendants. | 7:09-cv-411 (GTS/TWD)<br>ECF Case |

## NOTICE OF DEPOSITION

    PLEASE TAKE NOTICE that Plaintiffs Charles Patrick Pratt and A.E.P. ("Plaintiffs"), by and through their undersigned counsel, hereby notice the deposition upon oral examination of Defendants Indian River Central School District and/or Indian River Central School District Board of Education, 32735A County Road 29, Philadelphia, New York 13673, pursuant to Federal Rule of Civil Procedure 30(b)(6), to be taken at the Crowne Plaza Syracuse, 701 Genesee Street, Syracuse, NY 13210 on May 23, 2012, commencing at 9:30 AM. The deposition will proceed before a notary public or other officer duly authorized to administer oaths.

The deposition will continue from time to time thereafter until completed or adjourned. The deposition will be recorded by audiovisual and stenographic means, and will be taken for all purposes allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Indian River Central School District and/or Indian River Central School District Board of Education shall designate one or more officers, directors, managing agents, or other persons to testify on their behalf regarding the topics set forth in Schedule A attached hereto.

Dated:   May 14, 2012
         New York, NY

s/ Thomas W. Ude, Jr.

| | |
|---|---|
| Thomas W. Ude, Jr., Bar Number 515867<br>Hayley Gorenberg, Bar Number 515453<br><br>*Attorneys For Plaintiffs*<br><br>LAMBDA LEGAL DEFENSE AND<br>EDUCATION FUND, INC.<br>120 Wall Street, Suite 1500<br>New York, NY 10005-3904<br>Telephone: (212) 809 - 8585<br>Facsimile: (212) 809 - 0055<br>E-mail: tude@lambdalegal.org<br>E-mail: hgorenberg@lambdalegal.org | Vickie Reznik (admitted *pro hac vice*)<br>Adam T. Humann (admitted *pro hac vice*)<br>Lisa LeCointe-Cephas (admitted *pro hac vice*)<br>Robert Gretch (admitted *pro hac vice*)<br>Alexandra P. Kolod (admitted *pro hac vice*)<br><br>*Attorneys for Plaintiffs*<br><br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Telephone: (212) 446 - 4800<br>Facsimile: (212) 446 - 4900<br>E-mail: vickie.reznik@kirkland.com<br>E-mail: adam.humann@kirkland.com<br>E-mail: lisa.lecointe-cephas@kirkland.com<br>E-mail: robert.gretch@kirkland.com<br>E-mail: alexandra.kolod@kirkland.com |

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs hereby incorporate all Definitions and Instructions set forth in their First Set of Request for Production of Documents, served on May 31, 2011. Except where otherwise noted, those Definitions and Instructions apply in full to all Topics contained herein.

2. Unless stated specifically in a Topic, the relevant time period for the Topics is September 1, 1990 through the date of any deposition convened in connection with this Notice.

3. "Policies and/or Procedures" refers to any law, policy, procedure, regulation, order, rule, pronouncement, publication, educational material or event, whether oral, written, or electronic.

4. "Title IX" refers to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

5. "High School" refers to Indian River High School.

## TOPICS

1. Any and all knowledge concerning Policies and/or Procedures considered (even if rejected), developed, adopted, and/or implemented by the Board to prevent or address bullying, discrimination, or harassment, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex, and including Policies and/or Procedures considered, developed, adopted, and/or implemented to ensure compliance with Title IX.

2. Any and all knowledge concerning Policies and/or Procedures considered (even if rejected), developed, adopted, and/or implemented by the District, including those considered, developed, adopted, and/or implemented by the District pursuant to Policies and/or Procedures

adopted and/or implemented by the Board, to prevent or address bullying, discrimination, or harassment, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex, and including Policies and/or Procedures considered, developed, adopted, and/or implemented to ensure compliance with Title IX.

3. Any and all knowledge concerning any training considered (even if rejected), adopted, or used by the District to prevent or address bullying, discrimination, or harassment, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex, and including training to ensure compliance with Title IX.

4. Any and all knowledge concerning reports or complaints to the District, whether formal or informal, of bullying, discrimination, or harassment in the District, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex, including those identified in response to Interrogatory 3 of Plaintiffs' First Set of Interrogatories to the Institutional Defendants.

5. Any and all knowledge concerning Policies and/or Procedures considered (even if rejected), adopted, and/or used to investigate bullying, discrimination, or harassment in the District, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex.

6. Any and all knowledge concerning the investigation of reports or complaints, whether formal or informal, of bullying, discrimination, or harassment in the District, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex.

7. Any and all knowledge concerning any action taken by the District in response to reports or complaints, whether formal or informal, of bullying, discrimination, or harassment in

the District, including bullying, discrimination, or harassment on the basis of race, sexual orientation and/or sex.

8. The identity, position titles and responsibilities of all officers, faculty, staff and/or any other employees of the District who had or have the ability and authority to take corrective action on behalf of the District to address discrimination and/or harassment, whether or not such action included the authority to discipline perpetrators of such discrimination and/or harassment.

9. Any and all non-privileged information concerning retention of non-electronic documents, electronic documents, and email relevant to this lawsuit, following service of the original Complaint.

10. Any and all knowledge concerning the retention of non-electronic documents, electronic documents, and email, in the ordinary course of business, including any applicable Policies and/or Procedures.

11. Any and all knowledge concerning the formation of non-curriculum-related student groups, clubs, or organizations at the High School, including applicable Policies and/or Procedures, including information concerning all requests by one or more students to form such groups, clubs, or organizations, and the responses to those requests, from August 2001 through and including June 2011.

12. Any and all knowledge concerning the selection and appointment of advisors and replacement advisors for non-curriculum-related student groups, clubs, or organizations at the High School including applicable Policies and/or Procedures, from August 2001 through and including June 2011.

13. Any and all knowledge concerning any rights, privileges, benefits, or opportunities afforded non-curriculum-related student groups, clubs, or organizations at the High School from August 2001 through and including June 2011.

14. Any and all knowledge concerning the formation of a gay-straight student alliance at the High School, including any and all bases for Defendants' allegation, in Paragraph 17 of Defendants' First Amended Answer, denying "that any action taken by the Plaintiffs caused or produced the establishment of the Gay/Straight Alliance in this matter."

15. Any and all responses by the Board and the District to the interrogatories and document production requests served in this lawsuit.

16. Any and all bases for the allegations, in Paragraph 6 of the First Amended Answer to the First Amended Complaint, denying that the District "is Nonsectarian and exempt from taxation pursuant to § 408 of New York's real property tax law."

17. Any and all bases for the Board's and the District's allegation in the Defendants' Fourth Affirmative Defense set forth in the First Amended Answer that "[w]hatever injuries and/or damages the Plaintiffs may have sustained . . . were caused, in whole or in part, by the culpable conduct, fault, and/or want of care on the part of the Plaintiffs, and not through any negligence, fault, violation of civil rights, or wrongful conduct on the part of the Defendants.

18. Any and all knowledge concerning the preparation of, and the information set forth in, the District's Press Release of approximately April 8 or 9, 2009, a copy of which was produced by Defendants as File AAAA and by Plaintiffs as Bates No. CP-AP 12.

19. Any and all bases for the denial, in Paragraphs 22 and 23 of Defendants' First Amended Answer, of the allegations in Paragraphs 155 and 160 of Plaintiffs' First Amended Complaint that "[content-discriminatory and viewpoint-discriminatory restrictions on speech by

4

a school district or its officials or employees against a student based on his or her expression of support for lesbian, gay, bisexual and/or transgender individuals bears no substantial or rational relationship to any compelling, important, or legitimate government interest."