

| | KIRKLAND & ELLIS LLP |
|---|---|
| | AND AFFILIATED PARTNERSHIPS |
| **Thomas W. Ude, Jr.** | **Adam T. Humann** |
| To Call Writer Directly: | To Call Writer Directly: |
| 212-809-8585, ext. 280 | (212) 446-6447 |
| TUde@lambdalegal.org | adam.humann@kirkland.com |

December 14, 2011

**BY E-FILE**

Honorable George H. Lowe
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7336

      Re:   *Pratt et al. v. Indian River Central School District et al.*,
              Case No.: 7:09-cv-411 (GTS/GHL)

Dear Judge Lowe:

      We represent Plaintiffs in the above-referenced matter. We write in response to Defendants' letter to the Court, e-filed earlier today, concerning "certain disagreements" between the parties on discovery issues (the "Letter") and to clarify certain mischaracterizations and misrepresentations contained in that Letter.

      The parties have been working diligently to resolve discovery issues since the last conference with the Court on November 30, 2011. Plaintiffs' December 13, 2011 letter to Defendants' counsel, which is but the latest example of correspondence exchanged between the parties regarding discovery, is attached hereto as Exhibit A. Rather than respond to that letter, Defendants unilaterally abandoned the parties' efforts to reach compromise and filed their Letter with the Court. Defendants' Letter conveniently seeks "guidance" from this Court to resolve Defendants' remaining discovery issues (issues that Plaintiffs maintain should be addressed largely between counsel) while utterly ignoring Plaintiffs' discovery issues—most of which were raised more than four months ago.

      Plaintiffs' counsel had hoped to confer with Defendants' counsel concerning the issues to be raised with the Court during tomorrow's telephonic conference; Defendants apparently prefer otherwise. Of the three issues raised in Defendants' Letter, however, only one merits this Court's attention at this stage: Defendants' email production and document retention (discussed in Defendants' Letter under the guise of the "Matthew e-mail"). With respect to Defendants' other two issues, as discussed below, this Court should decline to address Defendants' issue

relating to the parties' interrogatories, which at this stage should be left to the parties to resolve, or issue concerning medical records, which is resolved by this letter.

### Defendants' Email Production and Document Retention

For the last month, Defendants have sought to make Plaintiffs' concerns about the dearth of email in Defendants' production solely about the "Matthew e-mail." But Plaintiffs' concern is not this one individual email: it is the ***overall*** quantity of email in Defendants' production. Though Defendants have provided a number of reasons for the limited number of emails in their production, their response in this regard has always been incomplete, as they have never explained what they did to collect, review, and produce responsive emails (or other electronic documents) in the first place. Accordingly, since mid-August, Plaintiffs have sought a list identifying the custodians whose emails and electronic documents were collected and reviewed and a description of Defendants' efforts with respect to that process. Defendants apparently will not provide such basic information without intervention from this Court, which Plaintiffs now respectfully request.

With the "Matthew e-mail" in particular, Defendants' Letter fails to grasp the import of Plaintiffs' concern, which relates to Defendants' efforts to preserve documents that are relevant to this litigation.[1] By way of background, during the course of review, Plaintiffs identified an email that Plaintiffs believed was not produced, and raised this omission with Defendants' counsel. Defendants' counsel responded on September 23, 2011, stating: "We are advised by our client that emails are regularly deleted in the course of the workday. For example, Mrs. Henderson deleted her copies of the emails from 'Matt.'"[2]

Named defendants like Ms. Henderson should not be destroying documents that relate to the issues raised in a complaint against them. The fact that Ms. Henderson deleted the "Matthew e-mail," in which a former student who is named in the Complaint discusses issues relating to the school's gay-straight alliance, itself raises questions relating to what Ms. Henderson received in the way of a preservation notice and the sufficiency of that notice. Defendants emphasize in their Letter that "one or more copies of the Matthew e-mail *were* preserved," but Plaintiffs' concern is that there are clearly responsive emails there ***were not*** preserved by Defendants. Although Plaintiffs' reserve their rights with respect to these issues, at this stage Plaintiffs respectfully request that the Court direct Defendants to provide Plaintiffs with any preservation notice(s) in this litigation and any distribution list(s) for such notice(s).

---

[1] Defendants incorrectly assert that the "Matthew e-mail" is not relevant to this litigation. The email in question concerns a former student of Indian River High School—identified by name in Plaintiffs' Complaint—writing the advisor of the school's gay-straight alliance to offer to speak to the club. The email is plainly relevant, as it bears on the activities of the GSA sought by the Complaint and the treatment of that GSA by the Indian River School District. Further, the email's author is not only mentioned in the Complaint, but identifies himself as a former student of the District who is gay, an individual with unique direct knowledge of the environment at the District's schools.

[2] A copy of Defendants' September 23, 2011 letter is attached hereto as Exhibit B.

2

**Other Issues Raised in Defendants' Letter**

Defendants' Letter raises two other issues, neither of which merits this Court's attention at this time. *First*, with respect to Defendants' issues concerning interrogatories, as set forth in Plaintiffs' December 13 letter, many of Defendants' interrogatory answers fail to provide the level of detail found in Plaintiffs' interrogatory answers (answers that Defendants now challenge as containing insufficient detail). Moreover, contrary to Defendants' assertion on page 3 of their Letter, Plaintiffs do not seek anything from Defendants "first;" they seek Defendants' commitment to cure improper responses. This Court should refuse to address this issue and should direct counsel to confer to resolve any outstanding issues with respect to interrogatories.

*Second*, with respect to the releases attached to Defendants' December 8, 2011 email concerning treatment and psychiatric records, upon further review of caselaw, Plaintiffs agree to execute and provide the releases attached to that email.

We look forward to speaking with the Court tomorrow.

Sincerely,

Thomas W. Ude, Jr.

Adam T. Humann

3