

| **Lambda Legal** making the case for equality | **KIRKLAND & ELLIS LLP** AND AFFILIATED PARTNERSHIPS |
|---|---|
| **Thomas W. Ude, Jr.** To Call Writer Directly: 212-809-8585, ext. 280 TUde@lambdalegal.org | **Adam T. Humann** To Call Writer Directly: (212) 446-6447 adam.humann@kirkland.com |

December 20, 2011

**BY ECF**

Honorable George H. Lowe
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, NY 13261-7336

      Re:    *Pratt et al. v. Indian River Central School District et al.*,
              Case No.: 7:09-cv-411 (GTS/GHL)

Dear Judge Lowe:

      We represent Plaintiffs in the above-referenced matter. We write pursuant to your request at our December 15, 2011 status conference to provide the Court with the relevant legal standard for compelling the disclosure of a litigation hold memorandum. For the avoidance of all doubt, Plaintiffs do ***not*** seek sanctions and request only (1) the production of any relevant litigation hold memoranda issued by Defendants in connection with this litigation, (2) the distribution list(s) for such memoranda, and (3) an explanation of what other actions, if any, were taken to fulfill Defendants' duty to preserve documents in this litigation.

      In order to ensure that parties in litigation are able to obtain necessary evidence within the possession, custody, or control of opposing parties, anyone who is a party to a lawsuit "is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y.2003) ("*Zubulake IV*"). While litigation hold memoranda are generally privileged, the "prevailing view" is that such memoranda are discoverable upon "a preliminary showing of spoliation of evidence." *Major Tours, Inc. v. Colorel*, No. 05-3091 (JBS/JS), 2009 WL 2413631, at *2-3, 5 (D.N.J. Aug. 4, 2009) ("most applicable authority from around the country provides that litigation hold letters should be produced if there has been a preliminary showing of spoliation").[1] *See also United Med. Supply Co. v. United States*, 77 Fed. Cl.

---

[1] In determining the prevailing view, the *Major Tours* court exhaustively discussed pertinent case law, including, for example, *Keir v. Unumprovident Corp.*, No. 02-CV-8781(DLC), 2003 WL 21997747 at *6 (S.D.N.Y. Aug. 22, 2003) (allowing detailed analysis of emails pertaining to defendant's preservation efforts after finding that electronic records that had been ordered preserved had been erased). *See also Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 425 nn.15-16 (S.D.N.Y. 2004) ("*Zubulake V*") (disclosing details of litigation hold communication after discovering that at least one e-mail had never been produced); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 634 (D. Colo. 2007) (permitting plaintiff to take a Rule 30(b)(6) deposition to explore the procedures defendants' counsel took "to identify, preserve and produce responsive documents" after finding that defendants expunged the hard drives of several former employees after the present litigation had began).

257 (2007) (finding spoliation of evidence and ordering defendant "to file copies of any general notices sent"). For the purposes of spoliation, "evidence" is anything that is "germane to proof of an issue at trial." *See Zubulake V*, 229 F.R.D. at 430.

The *Major Tours* case is especially instructive. In that case, plaintiffs moved to compel production of defendant's litigation hold memorandum upon suspicion of spoliation that was based, in part, on statements made in depositions that suggested the failure to save potentially relevant email communications. *Major Tours*, 2009 WL 2413631, at *2-3. Defendants resisted production of the memorandum, stating that "Plaintiffs [had] not proven that a single email germane to the litigation has been spoliated." *Id.* at *6. Defendants further claimed that even if a certain custodian deleted relevant email communications, there was no spoliation because such email communications may be found in other custodians' inboxes. *Id.* at *14.

Overruling the defendants' objection, the court found that "Plaintiffs [had] made a preliminary showing of spoliation." *Id.* at *16. The court specifically noted that the recoverability of certain deleted emails from other custodians' inboxes "does not suggest that others have not been spoliated." *Id.* at *14. Accordingly, the court ordered production of the hold memorandum and its distribution list. *Id.* at 16. Additionally, upon reaching its conclusion of a "preliminary showing" of spoliation, the *Major Tours* court specifically noted that it was deciding only the narrow issue of whether the litigation hold letters should be produced to plaintiffs—and not whether sanctions should be imposed, which involves a more stringent test. *See id.* at *15-16, n.4.

Here, Plaintiffs have made far more than a "preliminary showing" of spoliation. Rather, Defendants' counsel has explained that at least one **named defendant** has admitted to deleting an email related to Indian River High School's gay-straight alliance—the very student group that is one of the subjects of the instant litigation. (Docket 95, Dec. 14, 2011 Letter to Hon. George H. Lowe from Charles C. Spagnoli, at 6.)

As an initial matter, Plaintiffs' concern is **not** limited to the one email that was destroyed and apparently recovered from another source; Plaintiffs' concern is the potential that other, **unknown** documents have been, and may continue to be, destroyed irrevocably. *Cf. Major Tours*, 2009 WL 2413631, at *5.

Moreover, Plaintiffs disagree with Defendants' assertion that the deleted email is not "relevant" to this litigation because "it contains nothing pertaining to the issues raised by Plaintiffs' claims—to wit, harassment at the District's schools or the formation and official recognition of the GSA." (Docket 95, at 6.) Defendants' assertion fails to comprehend their duty to preserve records, defies all credible readings of the destroyed document, and overlooks the actual claims in Plaintiffs' First Amended Complaint (Docket 47).

***First***, Defendants' duty to preserve documents in this litigation encompasses not just documents that are relevant, but also documents that are reasonably likely to lead to the discovery of admissible evidence and documents that are reasonably likely to be requested in discovery. *See Zubulake IV*, 220 F.R.D. at 217. Defendants' production of other copies of this email—without objection—belies their recent contention that the email is somehow "irrelevant" or otherwise outside the scope of their obligation to preserve documents.

*Second*, even if the issues in this litigation were limited to those referenced in Defendants' letter of December 14, the author of the email in question is a former student of the District who is identified by name in the First Amended Complaint as a person who has evidence concerning "harassment at the District's schools."

*Third*, Plaintiffs' claims concerning the GSA relate not only to Defendants' refusal to permit its formation, but also to *ensuring its equal treatment*. For example, the First Amended Complaint contains at least the following sections related to ensuring equal treatment of the GSA:

- Paragraph 104 ("The School District still does not grant equal recognition and benefits to the student GSA. For example, although the District overhauled its website after the Original Complaint was filed, the new version of the website excludes the GSA from the list of extracurricular activities at Indian River High. The website lists over twenty other student activities.");

- Paragraph 141 (". . . Indian River High may not deny equal access or a fair opportunity to, or discriminate against, any students who seek to conduct a meeting within the limited open forum on the basis of religious, political, philosophical, or other content or viewpoint of the speech at such meeting."). *See also* ¶¶ 142, 149, 150, 154, 159, 180.

- Prayer for Relief, ¶1 (seeking an order compelling the District to allow formation of a GSA "with rights and benefits equal to those afforded to other student organizations at Indian River High School . . . ."); ¶ 2 (seeking a permanent injunction restraining the District from denying the GSA "full access to and use of all School District facilities, benefits, rights, and privileged on an equal basis to that afforded to other students and student groups at Indian River High School").

The destruction of communications directly relating to the operation of the GSA deprives Plaintiffs of necessary information to which they are entitled. Although again, Plaintiffs' concern is not limited to the one email that was destroyed but extends to other, unknown documents that may have been, and may continue to be, destroyed irrevocably.

Defendants' admitted destruction of relevant email represents at least a "preliminary showing" of spoliation. Accordingly, Plaintiffs respectfully request that this Court compel (1) the production of any relevant litigation hold memoranda issued by Defendants in connection with this litigation, (2) the distribution list(s) for such memoranda, and (3) an explanation of what other actions, if any, were taken to fulfill Defendants' duty to preserve documents in this litigation.

Respectfully submitted,

Thomas W. Ude, Jr.

Adam T. Humann

3